**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re:                                              :    Chapter 7

    Thomas J. Cravalho and
    Shannon J. Cravalho,                         :

           Debtors.                     :    Bankruptcy No. 19-16187-MDC

# O R D E R

**AND NOW**, on December 26, 2019, Thomas J. Cravalho (the "Debtor") caused to be filed a reaffirmation agreement of the kind specified in 11 U.S.C. §524(c) with creditor Americredit Financial Services, Inc. dba GM Financial (the "Reaffirmation Agreement").[1]

**AND**, this Court has reviewed Schedules I and J and determined that, there appears to be a difference between the income and expense amounts stated in Schedules I and J and the income and expense amounts stated in the statement in support of the reaffirmation agreement required under 11 U.S.C. §524(k)(6)(A) (the "§524(K)(6)(A) Statement"), including but not limited to the failure to include the proposed reaffirmed amount in the expenses stated in the Debtor's Schedule J.

**AND**, as required by Bankruptcy Rule 4008, the Debtor has not provided a sufficient explanation of the difference between the amounts stated on Schedules I and J and the §524(k)(6)(A) Statement. *See, e.g., In re Laynas*, 345 B.R. 505, 515 (Bankr. E.D. Pa. 2006) (stating that the presumption of undue hardship may arise "if the debtor has not made any effort to harmonize discrepancies between the §524(k)(6)(A) Statement and other information in the record").

**AND**, this Court recognizes that, pursuant to F.R.B.P. 1007(b), debtors are under an obligation to correct, on their own initiative, errors in their schedules. *See, e.g., In re Stewart*, 383 B.R. 429, 433 (Bankr. N.D. Oh. 2008); *In re Engel*, 246 B.R. 784, 794 (Bankr. M.D. Pa. 2000) (stating "[t]he obligation to file accurate schedules includes a continuing duty to correct errors in filed documents.").

---

[1] Bankr. Docket No. 10.

**AND**, this Court recognizes that, pursuant to 11 U.S.C. §707(b)(4)(D), a debtor's attorney has a duty to ensure the accuracy of his client's schedules. *See, e.g., In re Trudell*, 424 B.R. 786, 791 (Bankr. W.D. Mich. 2010) (stating "section 707(b)(4)(D), which was added to the Code as part of the 2005 amendments, unquestionably imposes a duty upon the debtor's attorney to ensure the accuracy of his client's schedules."); *In re Withrow*, 391 B.R. 217, 228 (Bankr. D. Mass. 2008) (addressing factors to consider when determining whether attorney satisfied §707(b)(4)(B) duty).

It is hereby **ORDERED** and **DETERMINED** that:

1.      A hearing shall be held on **February 12, 2020, at 10:30 a.m.**, in **Bankruptcy Courtroom No. 2, U.S. Bankruptcy Court, 900 Market Street, Philadelphia, Pennsylvania** (the "Show Cause Hearing"), to consider:

      a.      Whether, pursuant to §524(m)(1), the Reaffirmation Agreement will be disapproved; and

      b.      Whether the omission of the reaffirmed amount in the Debtor's Schedule J evidences that the Debtor's attorney did not satisfy his §707(b)(4)(D) obligations;

2.      Prior to the Show Cause Hearing, the Debtor shall file an amended Schedule J that reflects the expenses disclosed by the Reaffirmation Agreement, as well as any other needed amendments to the Schedules, including but not limited to Schedules I and J, to render them complete and accurate.

Dated:  January 23, 2020

_____
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Joseph L. Quinn, Esquire
The Law Office of Stephen Ross PC
152 E. High Street, Suite 100
Pottstown, PA 19464

Christine C. Shubert, Esquire
821 Wesley Avenue
Ocean City, NJ 08226

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912