```
                       United States Bankruptcy Court
                       Eastern District of Pennsylvania
```

In re:                                                          Case No. 19-16187-mdc
Thomas J Cravalho                                               Chapter 7
Shannon J Cravalho
       Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2         User: Keith             Page 1 of 1         Date Rcvd: Jan 24, 2020
                             Form ID: pdf900         Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 26, 2020.
db/jdb         +Thomas J Cravalho,    Shannon J Cravalho,    141 Garnet Drive,    Gilbertsville, PA 19525-8124

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM Jan 25 2020 03:28:11
                AmeriCredit Financial Services, Inc. dba GM Financ,    P O Box 183853,
                Arlington, TX 76096-3853
                                                                                               TOTAL: 1

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 26, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 24, 2020 at the address(es) listed below:
              CHRISTINE C. SHUBERT    christine.shubert@comcast.net, J100@ecfcbis.com
              JOSEPH L QUINN    on behalf of Debtor Thomas J Cravalho CourtNotices@rqplaw.com
              JOSEPH L QUINN    on behalf of Joint Debtor Shannon J Cravalho CourtNotices@rqplaw.com
              REBECCA ANN SOLARZ    on behalf of Creditor   RoundPoint Mortgage Servicing Corporation
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 5

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
|     Thomas J. Cravalho and<br>    Shannon J. Cravalho, | : | |
|         Debtors. | : | Bankruptcy No. 19-16187-MDC |

# O R D E R

**AND NOW**, on December 26, 2019, Thomas J. Cravalho (the "Debtor") caused to be filed a reaffirmation agreement of the kind specified in 11 U.S.C. §524(c) with creditor Americredit Financial Services, Inc. dba GM Financial (the "Reaffirmation Agreement").[1]

**AND**, this Court has reviewed Schedules I and J and determined that, there appears to be a difference between the income and expense amounts stated in Schedules I and J and the income and expense amounts stated in the statement in support of the reaffirmation agreement required under 11 U.S.C. §524(k)(6)(A) (the "§524(K)(6)(A) Statement"), including but not limited to the failure to include the proposed reaffirmed amount in the expenses stated in the Debtor's Schedule J.

**AND**, as required by Bankruptcy Rule 4008, the Debtor has not provided a sufficient explanation of the difference between the amounts stated on Schedules I and J and the §524(k)(6)(A) Statement. *See, e.g., In re Laynas*, 345 B.R. 505, 515 (Bankr. E.D. Pa. 2006) (stating that the presumption of undue hardship may arise "if the debtor has not made any effort to harmonize discrepancies between the §524(k)(6)(A) Statement and other information in the record").

**AND**, this Court recognizes that, pursuant to F.R.B.P. 1007(b), debtors are under an obligation to correct, on their own initiative, errors in their schedules. *See, e.g., In re Stewart*, 383 B.R. 429, 433 (Bankr. N.D. Oh. 2008); *In re Engel*, 246 B.R. 784, 794 (Bankr. M.D. Pa. 2000) (stating "[t]he obligation to file accurate schedules includes a continuing duty to correct errors in filed documents.").

---

[1] Bankr. Docket No. 10.

**AND**, this Court recognizes that, pursuant to 11 U.S.C. §707(b)(4)(D), a debtor's attorney has a duty to ensure the accuracy of his client's schedules. *See, e.g., In re Trudell*, 424 B.R. 786, 791 (Bankr. W.D. Mich. 2010) (stating "section 707(b)(4)(D), which was added to the Code as part of the 2005 amendments, unquestionably imposes a duty upon the debtor's attorney to ensure the accuracy of his client's schedules."); *In re Withrow*, 391 B.R. 217, 228 (Bankr. D. Mass. 2008) (addressing factors to consider when determining whether attorney satisfied §707(b)(4)(B) duty).

It is hereby **ORDERED** and **DETERMINED** that:

1. A hearing shall be held on **February 12, 2020, at 10:30 a.m.**, in **Bankruptcy Courtroom No. 2, U.S. Bankruptcy Court, 900 Market Street, Philadelphia, Pennsylvania** (the "Show Cause Hearing"), to consider:

   a. Whether, pursuant to §524(m)(1), the Reaffirmation Agreement will be disapproved; and

   b. Whether the omission of the reaffirmed amount in the Debtor's Schedule J evidences that the Debtor's attorney did not satisfy his §707(b)(4)(D) obligations;

2. Prior to the Show Cause Hearing, the Debtor shall file an amended Schedule J that reflects the expenses disclosed by the Reaffirmation Agreement, as well as any other needed amendments to the Schedules, including but not limited to Schedules I and J, to render them complete and accurate.

Dated: January 23, 2020

_____
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Joseph L. Quinn, Esquire
The Law Office of Stephen Ross PC
152 E. High Street, Suite 100
Pottstown, PA 19464

Christine C. Shubert, Esquire
821 Wesley Avenue
Ocean City, NJ 08226

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912